**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1872**

ALIAKSEI BABAYED; OLEYSA NOVIKOVA,

              Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals

Submitted:  September 19, 2011        Decided:  October 3, 2011

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Linda Hanten, HARRIGAN & HANTEN, PC, Washington, D.C., for
Petitioners.  Tony West, Assistant Attorney General, Jamie M.
Dowd, Senior Litigation Counsel, Andrew N. O'Malley, Trial
Attorney, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aliaksei Babayed, a native and citizen of Belarus, and his wife, Oleysa Novikova, a native and citizen of Russia (collectively "Petitioners"), petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's denial of their requests for asylum and withholding of removal. Babayed is the primary applicant for asylum; the claims of his wife are derivative of his application. See 8 U.S.C. § 1158(b)(3) (2006); 8 C.F.R. § 1208.21(a) (2011).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at

2

483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the adverse credibility finding. We further conclude that Babayed failed to present sufficient independent evidence of persecution, notwithstanding the adverse credibility determination, as discussed in Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). We therefore uphold the denial of the Petitioners' requests for asylum and withholding of removal. See id. at 367 ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3